UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: TEPEZZA MARKETING, SALES PRACTICES,
AND PRODUCTS LIABILITY LITIGATION       MDL No. 3079


### TRANSFER ORDER

**Before the Panel:** Plaintiff in the Northern District of New York *Exton* action moves under 28 U.S.C. § 1407 to centralize this litigation concerning alleged permanent hearing loss and tinnitus associated with the use of the drug Tepezza in the Northern District of California. Plaintiff's motion includes eighteen actions pending in five districts, as listed on Schedule A, as well as nineteen potentially-related actions.[1] Plaintiffs in twelve actions support centralization in the Northern District of Illinois. Plaintiffs in four actions support centralization in either the Northern District of Illinois or another district where an action is pending. Plaintiff in the Northern District of Illinois *Polanco* potential tag-along action supports centralization in the Northern District of Illinois or, alternatively, the Northern District of California. Plaintiff in the Southern District of Ohio *McMullen* potential tag-along action supports centralization in the Northern District of Ohio. Defendant Horizon Therapeutics USA Inc. opposes centralization and, alternatively, suggests centralization in the Northern District of Illinois.

After considering the argument of counsel, we find that centralization of these actions in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions can be expected to share factual questions arising from the alleged propensity of the biologic drug Tepezza, which treats thyroid eye disease, to cause severe or permanent hearing loss and tinnitus. Plaintiffs suffered the same signature injuries—hearing loss and tinnitus. The same factual questions regarding general causation, including the biological mechanism of the alleged injury, are present in all cases. Similarly common are questions surrounding the adequacy of testing Horizon conducted regarding Tepezza and the sufficiency of hearing loss warnings made on the product label. Centralization offers an opportunity to substantially streamline pretrial proceedings, reduce duplicative discovery and conflicting pretrial obligations, as well as prevent inconsistent rulings on common preemption and *Daubert* challenges.

Horizon opposes plaintiff's motion to centralize, arguing that there are not enough actions to justify the creation of an MDL. It insists that centralization is premature, that informal

---

[1] These actions, and any other related actions, are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

cooperation is ongoing, and, in any event, an MDL is not needed to streamline the litigation. We are not persuaded by these arguments. The litigation currently is comprised of 37 cases pending in eight districts. The eighteen cases on the motion to centralize are brought by six different law firms and pending in five districts. Informally coordinating these cases will be increasingly challenging for the parties and the courts if the number of actions rise (as plaintiffs predict) and motion practice proceeds in each action. Moreover, Horizon has opposed reassignment of all Northern District of Illinois actions to a single judge. While it did not oppose plaintiffs' alternative request under the Northern District of Illinois Internal Operating Procedure 13(e) to create a docket that would resemble an intra-district MDL, Horizon contemplates coordination of discovery only *after* the judge assigned to each case rules on its pending motion to dismiss. Although defendant's motions to dismiss target the viability of plaintiffs' claims brought under varying state laws, Horizon makes some cross-cutting preemption arguments. We view having multiple judges resolve these common preemption arguments about the same drug as a highly inefficient arrangement that undermines judicial economy and needlessly increases the risk of inconsistent rulings.

We are persuaded that the Northern District of Illinois is the appropriate transferee district for these cases. Defendant Horizon is based in this convenient and readily accessible district, where likely relevant documents and witnesses may be found. The Northern District of Illinois is supported by most responding plaintiffs, as well as defendants (albeit in the alternative). The first-filed action in this litigation is pending in this district, and far more actions are pending in the Northern District of Illinois than any other district. We are confident that Judge Durkin will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Northern District of Illinois are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Thomas M. Durkin for coordinated or consolidated proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Nathaniel M. Gorton         Matthew F. Kennelly
David C. Norton             Roger T. Benitez
Dale A. Kimball             Madeline Cox Arleo

IN RE: TEPEZZA MARKETING, SALES PRACTICES,
AND PRODUCTS LIABILITY LITIGATION                    MDL No. 3079

## SCHEDULE A

    Northern District of California

LUKOWSKI v. HORIZON THERAPEUTICS USA, INC., C.A. No. 5:23−01159

    Middle District of Georgia

SIMPSON v. HORIZON THERAPEUTICS USA, INC., C.A. No. 4:23−00055

    Northern District of Illinois

WEIBEL v. HORIZON PHARMACEUTICALS USA, INC., C.A. No. 1:22−04518
NETHERY v. HORIZON PHARMACEUTICALS, INC., C.A. No. 1:22−05005
WALKER v. HORIZON THERAPEUTICS USA, INC., C.A. No. 1:22−06375
PLEDGER v. HORIZON THERAPEUTICS USA, INC., C.A. No. 1:22−06562
PEREZ v. HORIZON THERAPEUTICS USA, INC., C.A. No. 1:22−06718
SNYDER v. HORIZON THERAPEUTICS USA, INC., C.A. No. 1:22−06747
INGRAM v. HORIZON THERAPEUTICS USA, INC., C.A. No. 1:22−06836
LEEDS v. HORIZON THERAPEUTICS USA, INC., C.A. No. 1:22−06837
WILLIAMS v. HORIZON THERAPEUTICS USA, INC., C.A. No. 1:22−06838
LUCCI v. HORIZON THERAPEUTICS USA, INC., C.A. No. 1:22−07351
KRONE v. HORIZON THERAPEUTICS USA, INC., C.A. No. 1:23−00069
SCOTT v. HORIZON THERAPEUTICS USA, INC., C.A. No. 1:23−00803
FISHER v. HORIZON THERAPEUTICS USA, INC., C.A. No. 1:23−00805
DIAZ v. HORIZON THERAPEUTICS USA, INC., C.A. No. 1:23−00896

    Northern District of New York

EXTON v. HORIZON THERAPEUTICS USA, INC., C.A. No. 6:23−00282

    Western District of Washington

KANESTA-RYCHNER v. HORIZON THERAPEUTICS USA, INC.,
    C.A. No. 3:23−05221